# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-738V
**Filed: May 9, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * *<br>RHONDA NIXON,                    *<br>                                     *<br>          Petitioner,           *<br>                                     *<br>v.                                     *<br>                                   *<br>SECRETARY OF HEALTH    *<br>AND HUMAN SERVICES,     *<br>                                   *<br>          Respondent.        *<br>                                   *<br>* * * * * * * * * * * * * * * | UNPUBLISHED<br><br>Special Master Gowen<br><br><br>Interim Attorneys' Fees and Costs. |

<u>Clifford J. Shoemaker</u>, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
<u>Traci R. Patton</u>, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]**

      On September 25, 2013, Rhonda Nixon ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). In an Amended Petition, filed on October 15, 2013, petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 29, 2010, she suffered either Guillain-Barré Syndrome, a demyelinating disorder of the peripheral nervous system, or acute disseminated encephalomyelitis ("ADEM"). <u>See</u> Amended Petition at Preamble, filed Oct. 15, 2013.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 12, 2015, petitioner's former counsel, the law firm of Conway, Homer & Chin-Caplan ("CHC"), filed a motion for interim attorneys' fees and costs. In the motion, petitioner's counsel requested hourly rates which were also the subject of dispute in McCulloch v. Sec'y of HHS, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Respondent objected to counsel's request both in this case and in McCulloch, as she believed the Vaccine Act did not authorize an interim award of attorneys' fees and costs, and also believed the rates and hours expended by CHC were not reasonable. See generally Response to Application for Interim Attorneys' Fees and Costs, filed June 19, 2015. Respondent also noted in her response in this case that "petitioner overlooked an error of over $13,800.00 when submitting the request for attorneys' fees" as "on September 4, 2012, a paralegal billed 126 hours ($13,860.00) for a phone call regarding a medical records request." Id. at n.1. On June 29, 2015, CHC filed an amended motion for interim attorneys' fees and costs, correcting the September 4, 2012 entry to 0.2 hours for the phone call. CHC also replied to respondent's objections.

On September 1, 2015, the undersigned issued a comprehensive decision in the McCulloch case, addressing the arguments raised by respondent in this case. Thereafter, CHC was ordered to file a second amended motion for interim attorney's fees and costs consistent with the hourly rates established in McCulloch. See Order, docket no. 48, filed Sept. 1, 2015. Subsequently, prior to filing the second amended interim fees and costs application, petitioner obtained new counsel who is currently the attorney of record for petitioner. The second amended interim fees and costs application was then filed on October 2, 2015. Petitioner requested $27,189.00 for CHC's attorneys' fees and $5,857.50 for CHC's costs. See Second Amended Application for Interim Fees and Costs at 2, filed Oct. 2, 2015. Respondent did not file a response.

**I.    Discussion**

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Additionally, interim fee awards are permissible under the Act. See Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of HHS, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (1996). Conversely, "reasonable basis" is an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (2011); Chuisano v. U.S., 116 Fed. Cl. 276, 286 (2014). In determining a reasonable basis, the Court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include the factual basis of the claim, medical support, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6-9.

2

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Special masters are permitted to reduce the claimed number of hours to a reasonable number by means of a bulk reduction and are not required to assess fee petitions line-by-line. Wasson v. Sec'y of HHS, 24 Cl.Ct. 482, 484 (1991). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to the attorneys' costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

Here, the undersigned finds that this petition was brought in good faith and is supported by a reasonable basis, as petitioner has filed an expert report from Dr. Carlo Tornatore in support of her petition. Dr. Tornatore opined, "to a reasonable degree of medical certainty," that petitioner's flu vaccination on October 29, 2010 "resulted in a constellation of neurologic symptoms that were highly suggestive of ADEM;" albeit, "due to technical issues and an incomplete workup, this diagnosis could not be definitely confirmed." Petitioner's Exhibit ("Pet. Ex.") 23 at 16, filed Mar. 21, 2016. Dr. Tornatore further provided that petitioner's symptoms started within five days of her flu vaccination, the timing of which is consistent with an autoimmune event triggered by a vaccine. Id. at 15. According to Dr. Tornatore, "not only is the timing appropriate, as has been reported in the literature on ADEM [], but there is also a reasonable sequence of cause and effect." Id. at 15-16. On the question of whether there is a reasonable basis for this petition, I find Dr. Tornatore's opinion persuasive as to the feasibility of success of petitioner's claim, while also noting however, that his opinion, without the benefit of respondent's responsive expert report and evidence, does not settle the issue of entitlement to compensation from the Program.

As stated above, the hourly rates requested by CHC in this case were the subject of litigation in McCulloch, a decision in which I found the requested hourly rates to be reasonable. See generally, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Additionally, I have reviewed the billing records and documentation of costs, and they also appear reasonable. CHC expended 153.7 hours of time for collecting twenty-one exhibits of medical records from approximately nineteen different providers, for preparing a detailed amended petition, and for consulting with potential experts. I find the time spent for these activities reasonable. Additionally, the requested amount for costs, a significant portion of which is for obtaining expert review of this case, is also reasonable.

Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in McCulloch, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

    **(1) in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of $33,046.50.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

                                         **s/ Thomas L. Gowen**
                                         Thomas L. Gowen
                                         Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.