# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 6, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JESSICA NIXON, *Administrator of the* | * | |
| *Estate of* RHONDA NIXON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 13-738V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 26, 2018, Jessica Nixon ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 121). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $67,789.48.

I.   **Procedural History**

On September 25, 2013, Rhonda Nixon filed a petition in the National Vaccine Injury Compensation Program.[2] Ms. Nixon filed an amended petition on October 15, 2013, alleging that she suffered from Guillain-Barré Syndrome ("GBS") or acute disseminated encephalomyelitis

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

("ADEM") as a result of receiving an influenza ("flu") vaccination on October 29, 2010. On October 27, 2017, the case caption was amended to reflect that Ms. Rhonda Nixon had passed away, and her daughter, Ms. Jessica Nixon, was appointed administrator of her estate. Order Granting Motion to Amend Case Caption, ECF No. 99. On August 21, 2018, the parties filed a joint stipulation which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 116.

On October 26, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Clifford Shoemaker, in the total amount of $75,955.38, representing $54,632.70 in attorneys' fees and $21,322.68 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner indicates that she has not personally incurred any expenses in pursuit of this litigation. *Id.* at 2.

Respondent reacted to the fees motion on November 2, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 122). Petitioner did not file a reply. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by his attorneys: for Mr. Clifford Shoemaker, Petitioner requests $415.00 per hour for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, and $450.00 for work performed in 2018; for Ms. Renee Gentry, Petitioner requests $400.00 per hour for work performed in 2015, $415.00 per hour for work performed in 2016, $424.00 for work performed in 2017, and $435.00 for work performed in 2018; and for Ms. Sabrina Knickelbein, Petitioner requests $350.00 per hour for work performed in 2015, $365.00 for work performed in 2016, $378.00 for work performed in 2017, and $391.00 for work performed in 2018. Fees App. at 26-

27.

The rates requested herein are in conformance with what myself and other special masters have consistently awarded Shoemaker, Gentry & Knickelbein attorneys. *See Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2-3 (Fed. Cl. Spec. Mstr. Sept. 21, 2018). Accordingly, no adjustment to the requested rates is required.[3]

I also find that a reduction of overall hours expended on this case (130.4) must be made. As has previously been noted on several occasions, Mr. Shoemaker's billing records suffer from vagueness. *See Cianni,* slip op. at 3; *Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *3 (Fed. Cl. Spec. Mstr. May 25, 2018); *Brodie v. Sec'y of Health & Human Servs.*, No. 17-437V, 2018 WL 3991233, at *3 (Fed. Cl. Spec. Mstr. June 26, 2018); *Eworonsky v. Sec'y of Health & Human Servs.*, No. 04-992V, 2018 WL 2225379, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018). As I noted in *Cianni*, the instant fees application contains many of the same issues as have previously been mentioned such as vague descriptions of work performed.

Notably in this case, the amount of hours billed appears to be high, considering an award of interim fees was already made earlier in this case when Petitioner changed her counsel. *See* Decision on Interim Fees, filed on May 9, 2016 (ECF No. 57). Upon review of the submitted billing statement, roughly half of the billing entries for Mr. Shoemaker are for sending and receiving e-mails. Some of these entries describe the nature of the e-mail, but most do not. This is especially problematic in this particular instance, where I must weigh the fact that the case was complex against what appears to be a somewhat excessive amount of hours billed. A more detailed description of the work performed would permit me to better ascertain the reasonableness of the work and the necessity of the sheer quantity of e-mails, the majority of which were interoffice communication. Particularly troubling are series of entries on 10/1/15, in which Mr. Shoemaker billed a total of 2.2 hours on "Emails to and from Sabrina," an amount of time which appears excessive absent any further information. Fees App. at 4.

Other factors also support an overall reduction in hours. Some of the tasks billed, such as time spent preparing an online folder of medical records for access by Petitioner's expert, Dr. Carlo Tornatore, and time spent delivering records to Dr. Tornatore personally are administrative in nature and are not compensable. Additionally, the record reflects that all filings by the Court and Respondent were reviewed by both Mr. Shoemaker and Ms. Knickelbein (who appeared to work on this case in a predominately paralegal context), resulting in double billing for these entries. Given that each attorney billed for review of even the most routine filings and the overall amount of interoffice communication between the two attorneys reflected in the billing records, I find that it was likely unnecessary for both attorneys to bill time for review.

Accordingly, I find that a 10% reduction of Mr. Shoemaker's hours is appropriate. The billing records indicate that Mr. Shoemaker billed 93.4 hours for a total amount of $40,159.00. Fees App. at 28. Accordingly, I shall reduce the amount awarded for attorneys' fees by **$4,015.90**.

---

[3] I note that two entries from Mr. Shoemaker reflect an incorrect rate – on 11/30/16 and 12/9/16, Mr. Shoemaker billed two entries at $446.00 per hour, deviating from his established rate of $430.00 per hour. Fees App. at 12. Because each of these entries was only 0.1 hours, the amount overbilled is relatively small, and the reduction for this mistake is included in the overall reduction of hours made.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $21,322.68. The vast majority of these costs is attributable to the expert work performed by Dr. Carlo Tornatore ($20,750), with the remaining balance attributable to acquiring medical records. Fees App. at 30.

The undersigned finds it necessary to reduce the amount awarded for Dr. Tornatore's work. The billing records indicate that Dr. Tornatore billed at $500.00 per hour and performed a total of 41.5 hours of work on this matter. However, Dr. Tornatore has consistently been awarded $400.00 per hour for his work. *See Averitt v. Sec'y of Health & Human Servs.*, No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018); *Morgan v. Sec'y of Health and Human Servs.*, No. 15–1137V, 2017 WL 1034399 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *Jaffri v. Sec'y of Health & Human Servs.*, No. 13–484V, 2017 WL 7319407 (Fed. Cl. Spec. Mstr. Sept. 30, 2016); *L.A. v. Sec'y of Health & Human Servs.*, No. 12–629V, 2016 WL 1104860 (Fed. Cl. Spec. Mstr. Feb. 29, 2016). I too shall compensate Dr. Tornatore for his work at $400.00 per hour – this results in a total reduction of **$4,150.00**.[4]

I have reviewed the remainder of the costs and find them to be reasonable. Petitioner has provided adequate documentation for these costs, and they shall be reimbursed in full. Accordingly, Petitioner is awarded **$17,172.68** in costs.

### III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $54,632.70 |
| (Total Reduction from Billing Hours) | - $4,015.90 |
| **Total Attorneys' Fees Awarded** | **$50,616.80** |
| | |
| Attorneys' Costs Requested | $21,322.68 |
| (Reduction of Costs) | - $4,150.00 |
| **Total Attorneys' Costs Awarded** | **$17,172.68** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$67,789.48** |

**Accordingly, I award the following:**

---

[4] I note that given Dr. Tornatore's impressive credentials and overall experience in the Vaccine Program, I would be open in future cases to awarding him an increased hourly rate. However, because almost all of the work billed for in this case was performed in 2015 and 2016, $400.00 per hour is a fair rate of compensation for work performed in this case.

1) **A lump sum in the amount of $67,789.48, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Clifford Shoemaker of Shoemaker, Gentry & Knickelbein.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).